IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02197-EWN-MJW

LANE C. ROLLING,

   Petitioner,

v.

R. WILEY, Warden,

   Respondent.

---

**RECOMMENDATION ON APPLICATION FOR A WRIT OF HABEAS CORPUS**
**(Pursuant to 28 U.S.C. § 2241 (1994)) (Docket No. 2)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to a General Order of Reference to United States Magistrate Judge (Including Dispositive Motions) issued by District Judge Edward W. Nottingham on November 27, 2006 (Docket No. 6).

The pro se incarcerated petitioner filed an Application for a Writ of Habeas Corpus (Pursuant to 28 U.S.C. § 2241 (1994)) (Docket No. 2). The respondent timely filed a response to Order to Show Cause Regarding Petition Pursuant to 28 U.S.C. § 2241. (Docket No. 10). The court now being fully informed makes the following findings, conclusions, and recommendation.

In his Application, the petitioner states that the United Sates District Court for the District of Mississippi sentenced him to a nine-month term of imprisonment and twelve

2

months of supervised release and that his projected release date is May 12, 2007. Petitioner contends that the Bureau of Prisons ("BOP") has wrongfully determined that he is not eligible for placement in a Community Correctional Center ("CCC") (halfway house) until April 15, 2007. In the instant Application, petitioner is challenging BOP regulations (28 C.F.R. §§ 570.20 and 570.21) that prevent him from being placed in a CCC prior to the last ten percent of his sentence. Petitioner contends that these regulations are contrary to the clear intent of Congress set forth in 18 U.S.C. § 3621(b). He thus "argues that the BOP should reconsider his eligibility for such a placement, and request[s] that he be immediately transferred to a CCC." (Docket No. 2 at 1).

This week, in Wedelstedt v. Wiley, – F.3d –, 2007 WL 512517 (10th Cir. Feb. 20, 2007), the Tenth Circuit Court of Appeals addressed the same issue raised herein, adopted the reasoning of the Second, Third, and Eighth Circuits, and found that "[t]he BOP regulations contradict Congress' clear intent that all inmate placement and transfer decision be made individually and with regard to the five factors enumerated in 18 U.S.C. § 3621(b). The regulations at issue supplant the five factors and, therefore, are invalid." Id. at *1. For the reasons stated in Wedelstedt, it is recommended that the relief afforded Wedelstedt be afforded to the petitioner in this action. It is thus

**RECOMMENDED** that Application for a Writ of Habeas Corpus (Pursuant to 28 U.S.C. § 2241 (1994)) (Docket No. 2) be granted to the extent that the BOP be directed to consider immediately whether the petitioner should be transferred to a CCC without regard to 28 C.F.R. §§ 570.20 and 570.21.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the**

3

**parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b), <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:    February 22, 2007             <u>s/ Michael J. Watanabe         </u>
          Denver, Colorado              Michael J. Watanabe
                                        United States Magistrate Judge